Richard F. Donnell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO.

*William H. Mitman, Jr.*, for petitioner.

*Robert F. Greevy*, Chief Counsel, with him, *Arthur R. Thomas*, Assistant Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, September 8, 1981:

Richard F. Donnell's Petition for Review in the nature of a Complaint in Mandamus, is before us on the preliminary objection of the respondent Pennsylvania Board of Probation and Parole challenging the invocation of our original jurisdiction under 42 Pa. C. S. §761(a)(1). In his Petition for Review Donnell complains concerning the action of the Board in recommitting him to prison for violating the conditions of his parole as violative of specific Board regulations and Board guidelines, as having been based on misapprehensions of relevant facts, and as a "violation of the Constitutional Prohibition against cruel and unusual punishment." The Board, by its preliminary objection, asserts that the action should not have been brought in mandamus to our original jurisdiction but should have been by appeal from the Board's decision.

Mandamus is available to compel the performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other adequate and appropriate remedy. *Philadelphia Newspaper, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978). Mandamus has been held to be the proper remedy to compel the Board to conduct a required hearing or to correct a mistake in applying the law. *Commonwealth ex rel. Davis v. Pennsylvania Board of Parole,* 484 Pa. 157, 398 A.2d 992 (1979); *Moore v. Roth,* 231 Pa. Superior Ct. 464, 331 A.2d 509 (1974); *Commonwealth ex rel. Johnson v. Bookbinder,* 213 Pa. Superior Ct. 335, 247 A.2d 644 (1968).

A close examination of the petition reveals that Donnell's principal complaint is that the Board misapplied a number of its own regulations, including that at 37 Pa. Code §71.2(11) requiring the Board to hold a Violation Hearing within 120 days of its Preliminary Hearing. Essentially the petition charges the Board with mistakes of law and failure of the Board to act. The case therefore shows the other side of the coin considered in *Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), relied on by the respondent, where the Court held that the case there presented was one for appeal, writing:

> In neither of the petitions for review does the appellant request a mandamus. Moreover, the thrust of appellant's complaints do not involve the essential allegations of mandamus—that there was a mistake of law or there was a failure of the Board to act.

*Id.* at 555, 421 A.2d at 1024.

Accordingly, we enter the following

### ORDER

AND Now, this 8th day of September, 1981, the preliminary objection of the Pennsylvania Board of Probation and Parole is overruled and the respondent is directed to file an answer within twenty (20) days after notice of this order.