**Ernest BANKS, Jr., Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS and Chief Hearing Examiner, Robert S. Bitner, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 25, 2000.

Decided Sept. 18, 2000.

Ernest Banks, Jr., petitioner, pro se.

Laura J.N. Failing, Camp Hill, for respondents.

BEFORE: COLINS, Judge, PELLEGRINI, Judge, McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Before this court are preliminary objections file by the Department of Corrections and Chief Hearing Examiner, Robert S. Bitner, (collectively, the Department) in response to a petition for review filed by Ernest Banks (Banks) in which he requests us to compel the Department to provide him with a copy of its decision concerning his final appeal.

On March 1, 2000, while incarcerated at the State Correctional Institution at Mercer, Banks received a misconduct report and was charged with possession of contraband, property of another, unauthorized use of the mail or telephone and lying to an employee. He timely appealed that decision and on March 6, 2000, a misconduct hearing was held at which the hearing examiner found him guilty of all the charges. On March 7, 2000, following the Department's administrative appeal pro-

cess, he filed an appeal to the Institution's Program Review Committee which affirmed the hearing examiner's decision. On March 17, 2000, he again filed an appeal as required by the process with the Superintendent who upheld both previous decisions. On March 23, 2000, Banks was transferred to the State Correctional Institution at Frackville (SCI–Frackville) where he is serving a sentence of 18 months to 60 months with a maximum term expiration date of October 24, 2002.

On March 29, 2000, while at SCI–Frackville, Banks filed an appeal with the Department's Chief Hearing Examiner in the Office of Chief Counsel. Because he never received any response to his appeal, he filed a petition for writ of mandamus with this court, which by order dated May 10, 2000, we treated as a petition for review, requesting us to compel the Chief Hearing Examiner to provide him with a copy of its decision concerning the final appeal review.

The Department filed a preliminary objection in the nature of a demurrer alleging that Banks' petition should be dismissed because Banks has failed to establish that he has a clear legal right to relief as he has no protected due process right in receiving a decision from the Department on his internal appeal of his misconduct charges. More specifically, it argues that Banks' petition fails to state a claim upon which relief can be granted because 1) inmates have no due process rights in misconduct hearings, 2) he was already provided with due process on two separate occasions, 3) he is only requesting a decision in this matter so he can appeal it to this court but this court has no jurisdiction over decisions by intraprison disciplinary boards, and 4) his appeal was not timely filed. It further contends that it has no mandatory duty to supply that relief.[1]

■ Mandamus is an extraordinary writ that is available only to compel a ministerial duty where there exists: 1) a clear legal right in the plaintiff; 2) a corresponding duty in the defendant; and 3) the lack of any other adequate and appropriate remedy. *Feigley v. Department of Corrections,* 731 A.2d 220 (Pa.Cmwlth.1999). It will lie against an agency when it does not comply with the procedural requirements of its own regulations. *Donnell v. Pennsylvania Board of Probation and Parole,* 61 Pa.Cmwlth. 517, 434 A.2d 846 (1981). *See also Weaver v. Pennsylvania Board of Probation and Parole,* 688 A.2d 766 (Pa. Cmwlth.1997).

In this case, the Department's Administrative Directive, BC–ADM 801, provides the following regarding final appeals made by inmates to the Office of Chief Counsel:

3. Final Appeal—Office of Chief Counsel

It is the intent of the Department to provide inmates with a complete and timely review of all appeals properly raised to final review. *The following steps have been established to ensure timeliness at final review* while continuing to provide a thorough impartial review of the issues.

(a) All final appeals of misconducts should be addressed to the Chief Hearing Examiner. The inmate may appeal the decision of the Superintendent within seven (7) calendar days of receipt of the Superintendent's decision.

(b) Inmates appealing for final review of their misconducts are responsible for providing the Chief Hearing Examiner with a brief statement relative to issues and any available paperwork or documentation relevant to the appeal.

---

1. In response, Banks has filed a motion objecting to the Department's preliminary objections arguing that he is being denied his constitutional rights to due process equal protection and freedom from cruel and unusual punishment under the United States Constitution. He explains that he suffered a knee injury and was scheduled for surgery when he was transferred to SCI–Frackville based on the false misconduct charges, thereby precluding him from receiving the surgery and depriving him of necessary medical care.

**434**

(c) *The Chief Hearing Examiner will review and respond to all misconduct appeals to final review within seven (7) working days of receipt of all necessary records for review. The Chief Hearing Examiner will review the misconduct, the hearing report and all appeals therefrom, and the issue(s) raised to final appeal.*

(d) *Upon completion of final review, the Chief Hearing Examiner will respond directly to the inmate in all cases where the position taken by the facility is upheld.*

(Emphasis added.)

■ Although the Department is correct in stating that this court may not have jurisdiction over decisions by intra-prison disciplinary boards, *Ricketts v. Central Office Review Committee of the Department of Corrections,* 125 Pa.Cmwlth. 670, 557 A.2d 1180, *petition for allowance of appeal denied,* 524 Pa. 636, 574 A.2d 75 (1989) (inmate misconducts are a matter of internal prison management and do not constitute adjudications), it has never provided Banks with a decision from his final appeal as it is required to do according to its own internal directives. While we may not be able to review the Department's decision once it is issued, it is still required to provide Banks with a decision pursuant to its own regulations, even if it is only to state that the Chief Hearing Examiner finds his appeal was untimely. *Donnell.*

Accordingly, the Department's preliminary objections are overruled.

### ORDER

AND NOW, this 18th day of September, 2000, the preliminary objections filed by the Department of Corrections and Chief Hearing Examiner, Robert S. Bitner, are overruled.