# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Com. ex rel. Omar Jackson, : 
Petitioner : 
: 
v. : No. 47 M.D. 2017
: Submitted: December 1, 2017
John E. Wetzel, Secretary Pennsylvania : 
Department of Corrections, and : 
Lawrence P. Mahally, Superintendent, : 
State Correctional Institution at Dallas, : 
and Pennsylvania Department of : 
Corrections, : 
Respondents : 


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**　　　　　　　　**FILED:  June 13, 2018**


Petitioner Omar Jackson (Jackson), *pro se*, filed an amended petition for review (Amended Petition) in this Court's original jurisdiction, seeking relief in the nature of mandamus and/or declaratory judgment.  While Jackson is currently incarcerated at the State Correctional Institution at Greene (SCI-Greene), the allegations in his Amended Petition pertain to his incarceration at the State Correctional Institution at Dallas (SCI-Dallas).  Jackson seeks an order of this Court compelling the Department of Corrections (Department), Secretary John E. Wetzel, and SCI-Dallas Superintendent Lawrence P. Mahally (collectively, Respondents) to provide Jackson an opportunity to be heard and present evidence in accordance with

requirements in the Pennsylvania Code and the Department's internal policies. Before this Court are preliminary objections filed by Respondents. For the reasons set forth below, we overrule the preliminary objections.

On November 16, 2016, the Department charged Jackson with a violation of SCI-Dallas Rule 26, "Any Criminal Violation of the Pennsylvania Crimes Code," and Rule 40, "Unauthorized Use of the Mail or Telephone." On November 22, 2016, a hearing examiner conducted a disciplinary hearing. Jackson pleaded not guilty to a violation of Rule 26 and guilty to a violation of Rule 40. Jackson testified on his own behalf at the hearing and requested permission to call two additional witnesses. The hearing examiner permitted Jackson to testify and call one witness, but the hearing examiner declined to hear testimony from the second witness on the ground that testimony from the second witness was unnecessary to determine the relevant facts. (Amended Petition, at Ex. B.) The hearing examiner found Jackson guilty of violating both Rule 26 and Rule 40. (Amended Petition, at Ex. A.)

Jackson filed with this Court a petition for writ of mandamus (Petition) and an application for leave to proceed *in forma pauperis*, the latter of which the Court granted. Respondents filed preliminary objections in the nature of a demurrer, arguing that Jackson's Petition was legally insufficient. Jackson then filed the Amended Petition and, as a result, this Court dismissed Respondents' first preliminary objections. Respondents filed preliminary objections to the Amended Petition, and Jackson filed preliminary objections to Respondents' preliminary objections. This Court overruled Jackson's preliminary objections. The Court now considers Respondents' preliminary objections to the Amended Petition.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

Respondents' preliminary objections to the Amended Petition appear to object on two grounds. First, Respondents object on the ground that this Court lacks jurisdiction to review Jackson's claim. Respondents argue that, to the extent Jackson seeks a declaratory judgment voiding the Department's misconduct decision, such decisions concerning misconduct are not final adjudications subject to appellate review by this Court. Respondents also argue that intra-prison disciplinary proceedings cannot be brought under the guise of an action in this Court's original jurisdiction. Second, Respondents object on the ground that Jackson did not sufficiently state a claim for which relief may be granted. Relatedly, Respondents argue—though seemingly to respond to the merits of the Amended Petition, rather than its legal sufficiency—that they did not violate Jackson's due process rights because a hearing examiner has discretion to determine what evidence is necessary or unnecessary to create a factual record.

3

In response, Jackson cites *Banks v. Department of Corrections*, 759 A.2d 432 (Pa. Cmwlth.), *affirmed*, 761 A.2d 540 (Pa. 2000), as the basis for the Court's jurisdiction. Specifically, Jackson argues that, pursuant to *Banks*, he is entitled to mandamus relief given Respondents' failure to adhere to its own regulations for misconduct hearings with regard to his due process claims. Jackson contends that his second witness was essential to his misconduct hearing, because the second witness, another inmate, had "personal knowledge of the events and who himself was the target of the investigation." (Amended Petition at ¶ 8.) Jackson avers that in denying him permission to call a second witness to testify at his hearing, Respondents violated Department policy DC-ADM 801 and 37 Pa. Code § 93.10. Jackson alleges that these violations deprived him of his constitutional guarantee of due process.

While inmate misconducts are a matter of internal prison management and do not constitute adjudications subject to appellate review, an inmate may be entitled to mandamus where the Department fails to adhere to its own regulations. *See Banks*, 759 A.2d at 434 (overruling preliminary objections where Department failed to provide inmate with decision from his final appeal, as required by Department regulations).[1]

Here, the central allegation in Jackson's Amended Petition is that Respondents did not comply with the regulations governing inmate misconduct hearings. We overrule Respondents' first preliminary objection contending that this

---

[1] A writ of mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty. *McGriff v. Pa. Bd. of Prob. & Parole*, 809 A.2d 455, 458 (Pa. Cmwlth. 2002), *aff'd*, 838 A.2d 564 (Pa. 2003). In order to obtain a writ of mandamus, a petitioner must demonstrate: (1) a clear legal right in the petition; (2) a corresponding duty in the respondent; and (3) the absence of any other appropriate or adequate remedy. *Green Party of Pa. v. Dep't of State Bureau of Comm'ns*, 168 A.3d 123, 130 (Pa. 2017).

Court lacks jurisdiction. While we agree that the November 22, 2016 decision by the misconduct hearing examiner is not reviewable in our appellate or original jurisdiction, Jackson is not asking this Court to review the misconduct determination itself. Rather, Jackson alleges that the procedure in reaching that decision failed to comply with the Department's internal policies and Jackson's right to due process because he was not able to present evidence. Because it appears that Respondents' first preliminary objection mischaracterizes Jackson's argument as a contest of the merits of the misconduct determination, we overrule the first preliminary objection.

As to whether Jackson stated a due process claim upon which relief may be granted, due process requires that inmates charged with misconduct be provided: (1) a hearing by an impartial adjudicator; (2) written notice of the charges, provided at least 24 hours prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance if the charged inmate is illiterate or if complex issues are involved; and (5) a written explanation of the decision. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974).[2]

In the Pennsylvania corrections system, these rights are protected by way of the Department's regulations and policies. Jackson is correct that the Department's regulation set forth at 37 Pa. Code § 93.10(b)(3) provides that inmates

---

[2] We note, however, that the United States Supreme Court stressed in *Wolff* that inmates do not have unlimited rights to call witnesses: "[T]he fact that prisoners retain rights . . . in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff*, 418 U.S. at 556. Instead, the Supreme Court determined that prison personnel must be given discretion in the administration of prison misconduct hearings. *Id.* at 566. The Supreme Court noted in *Wolff* that "it would be useful for the [adjudicator] to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Id.*

charged with misconduct be given an "[o]pportunity for the inmate to tell his story and to present relevant evidence." Relatedly, Department policy DC-ADM 801, Section 3(D)(2) provides that an inmate charged with misconduct may request to call witnesses in his defense and that, if such a request is denied, "the reasons for denying such a request shall be stated in writing."[3]

Relatedly, we overrule the second preliminary objection by Respondents because Jackson sufficiently pleaded a claim for noncompliance with the Department's internal regulations and a related due process violation. In *Banks*, this Court overruled the Department's preliminary objections where an inmate alleged that the Department failed to provide him with a decision pertaining to his misconduct appeal. We opined that "[w]hile we may not be able to review the Department's decision once it is issued, it is still required to provide [the inmate petitioner] with a decision *pursuant to its own regulations*." *Banks*, 759 A.2d at 434 (emphasis added); *see also Bush v. Veach*, 1 A.3d 981, 985 (Pa. Cmwlth. 2010) (holding allegation that Department did not comply with regulation for removing inmate from prison job sufficiently stated a claim). Similarly, here, Jackson alleges that Respondents violated Department policy DC-ADM 801 and 37 Pa. Code § 93.10 by denying him permission to call a second witness to testify at his hearing. Accepting as true the allegation that the Department denied Jackson the "[o]pportunity . . . to tell his story and to present relevant evidence" because he was not permitted to call a second witness, Jackson properly pleaded a claim. *See* 37 Pa. Code § 93.10(b)(3). Thus, it is not clear at this stage of the proceedings that Jackson

---

[3] We take judicial notice of the Inmate Handbook, which appears on the Department's official website at: http://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/2017%20 DOC%20Inmate%20Handbook.pdf (last visited May 8, 2018). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on Department's website).

6

has failed to state a claim for which relief may be granted. *See Armstrong Cty. Mem'l Hosp.*, 67 A.3d at 170.

Finally, Respondents' arguments premised upon their own factual averments, such as the process Jackson received at the misconduct hearing, are irrelevant to a determination of the legal sufficiency of the Amended Petition. In ruling on preliminary objections, we are bound by the allegations contained in the petition for review and may not consider factual averments by the Department at this stage of the proceedings.

Accordingly, Respondents' preliminary objections are overruled.

 

 

 

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Com. ex rel. Omar Jackson, : 
                          Petitioner : 
                                 : 
           v. : No. 47 M.D. 2017
                                 : 
John E. Wetzel, Secretary Pennsylvania : 
Department of Corrections, and : 
Lawrence P. Mahally, Superintendent, : 
State Correctional Institution at Dallas, : 
and Pennsylvania Department of : 
Corrections, : 
                     Respondents : 

# **O R D E R**

AND NOW, this 13th day of June, 2018, the preliminary objections by the Department of Corrections (Department), Department Secretary John E. Wetzel, and State Correctional Institution at Dallas Superintendent Lawrence P. Mahally, are OVERRULED. The Department shall file an answer to Petitioner's amended petition for review within thirty days of the date of this order.

                                    _____

                                      P. KEVIN BROBSON, Judge