IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                    :
                    Appellant                      :
                                                   :
          v.                                       :   No. 1347 C.D. 2016
                                                   :   Submitted: July 6, 2018
Mike Zaken; Deputy Dialesandro;                    :
Tracy Shawley; Irma Vihlidal; Capt.                :
Schrader; A.J. Morris; Lt. Stickles;               :
Sgt. Trout; B. Jordan; Kyle Guth;                  :
Farley Toothman; Susan K. White;                   :
and Sherry Wise                                    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: February 7, 2019

          Alton D. Brown (Brown), *pro se*, appeals an order of the Greene County
Court of Common Pleas (trial court), which denied his *in forma pauperis* petition
and dismissed as frivolous his civil complaint for declaratory, injunctive and
mandamus relief against various Department of Corrections (Department)
employees and judicial officers. On appeal, Brown contends that he should be
permitted to proceed *in forma pauperis* because he is in imminent danger and that
the trial court erred in dismissing his complaint. For the reasons to follow, we affirm.

          On May 16, 2016, Brown initiated a civil action against several
employees of the Department of Corrections (Department Employees)[1] and judicial

---

[1] The named Department Employees are: Mike Zaken, Deputy Superintendent for Facilities
Management; Deputy Dialesandro, Deputy Superintendent for Central Services; Tracy Shawley,
Grievance Coordinator; Irma Vihlidal, Chief Health Care Administrator; Captain Schrader,

officers (Court Employees).[2]  His complaint alleges that he was transferred to the State Correctional Institution at Greene (SCI-Greene) in retaliation for civil and criminal complaints he had filed against the Department.  The complaint alleges that since Brown was transferred to SCI-Greene, Department Employees have subjected him to physical and psychological abuse on numerous occasions by, for example, preventing him from accessing his legal files; delaying or denying him medical care; placing him on a diet; denying him access to the law library; using chemical gas on him; not giving him legal and hygiene packages; subjecting him to retaliatory searches and seizures; denying him access to his medical records; and falsifying documents related to him.  Complaint at 3-6, ¶9.

The complaint asserts claims against Court Employees who have impeded Brown's attempts to pursue his claims in court.  Specifically, Court Employees, *inter alia*, have failed to acknowledge receipt of or docket his complaint and motion for preliminary injunction in an unrelated civil action; failed to act on a motion filed in that case in March 2015; refused to file his petition for review challenging denial of his private criminal complaint; and barred him from pursuing any further litigation against certain individuals without leave of court.  Complaint at 6-7, ¶10.

The complaint asserts that Department Employees have violated their mandatory duty to abide by the Department's rules and regulations; to comply with the First, Eighth, and Fourteenth Amendments of the United States Constitution, as

Restricted Housing Unit (RHU) Commander; A.J. Morris, RHU Property Lieutenant; Lieutenant Stickles, RHU F-Block Lieutenant; Sergeant Trout, RHU F-Block Sergeant; B. Jordan, RHU F-Block Property Officer; and Kyle Guth, Medical Records Supervisor.

[2] The named Court Employees are: the Honorable Farley Toothman, President Judge of the Court of Common Pleas of Greene County; Susan K. White, Prothonotary; and Sherry Wise, Clerk. Court Employees did not file a brief in this appeal.

well as the corresponding provisions of the Pennsylvania Constitution; and to comply with various state and federal health statutes. The complaint asserts that Judge Toothman has violated his mandatory duty to abide by the Code of Judicial Conduct, enforce all court rules, and uphold Article VI, Section 3 of the Pennsylvania Constitution.[3] Likewise, White and Wise have failed to comply with their mandatory duty to uphold the Pennsylvania Constitution and had no authority to reject timely filed documents.

The complaint seeks declaratory and injunctive relief as well as a writ of mandamus. Brown also filed a petition to proceed *in forma pauperis*. The statute commonly referred to as the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §§6601-6608, provides for "the manner in which prisoners can engage in prison conditions litigation, setting forth, *inter alia*, the definitions of such litigation, filing fees to be paid, and the ability of the trial court to dismiss such litigation for various reasons." *Lopez v. Haywood*, 41 A.3d 184, 186 (Pa. Cmwlth. 2012).

On June 16, 2016, before any response to the complaint was filed, the trial court denied Brown's petition to proceed *in forma pauperis* and dismissed his complaint.[4] Order, 6/16/2016, at 1 (Dayich, J.); Original Record (O.R.) Item No. 5. The trial court dismissed the complaint on the bases:

---

[3] Section 3 states, in relevant part:

> [A]ll judicial … officers shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation before a person authorized to administer oaths.

> "I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity."

PA. CONST. art.VI, §3.

[4] On that same day, Judge Toothman *sua sponte* issued an order stating that all current and future matters regarding Brown's case be automatically referred to the Office of Court Administrator for

*That* [Brown] has been deemed an abusive litigator by several courts pursuant to 42 Pa. C.S.[] §6602(f);[5]

*AND FURTHER* this court determines the complaint to be frivolous under 42 Pa. C.S.[] §6602(e)(2).[6]

Order, 6/16/2016, at 1; O.R. Item No. 5. Brown filed a notice of appeal on July 5, 2016.

The trial court did not file an opinion in support of its June 16, 2016, order in accordance with Pennsylvania Rule of Appellate Procedure 1925(a)(1).[7] Because more information on the trial court's rationale for dismissing Brown's complaint was needed, this Court remanded the matter to the trial court to prepare a

---

assignment or reassignment. Trial court order, 6/16/2016, at 1 (Toothman, J.); Original Record (O.R.) Item No. 18.

[5] The text of Section 6602(f) of the PLRA is set forth in full later in this opinion.

[6] Section 6602(e) of the PLRA states:

(e) Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

(1) The allegation of indigency is untrue.

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

42 Pa. C.S. §6602(e).

[7] It states, in pertinent part:

(1) *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order … or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a)(1).

Rule 1925(a) opinion. *See Brown v. Zaken* (Pa. Cmwlth., No. 1347 C.D. 2016, filed September 21, 2017) (remanding with instructions and retaining jurisdiction).

Subsequently, the trial court issued a 1925(a) opinion in support of its order. The trial court explained that Brown had filed at least three prison condition lawsuits that were dismissed as frivolous; accordingly, under Section 6602(f) of the PLRA, his complaint was subject to dismissal. The trial court explained that Brown did not make a credible allegation that he was in imminent danger of serious bodily injury, which is necessary to invoke the prohibition on dismissal of abusive litigation in Section 6602(f) of the PLRA. Finally, the trial court explained that Brown's complaint failed to state a claim upon which relief could be granted; accordingly, it dismissed the complaint as frivolous under Section 6602(e)(2) of the PLRA.[8]

On appeal,[9] Brown has raised three issues.[10] First, Brown argues that the trial court's initial failure to file a 1925(a) opinion hinders appellate review and his ability to develop his arguments on appeal. Second, Brown argues that the trial court abused its discretion in denying his request for leave to proceed *in forma pauperis*. Third, Brown argues that the trial court erred in dismissing his complaint as frivolous under Section 6602(e)(2) of the PLRA.

**Sufficiency of 1925(a) Opinion**

Brown first argues that he is unable to develop his arguments on appeal, and that this Court is unable to conduct meaningful appellate review, due to the trial court's initial failure to file a Rule 1925(a) opinion setting forth the reasons for

---

[8] Upon receiving the trial court's 1925(a) opinion, this Court directed the parties to file supplemental briefs.

[9] In reviewing the trial court's decision, we must determine whether constitutional rights have been violated, the trial court abused its discretion, or the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).

[10] For purposes of this opinion, we have rearranged the order of Brown's issues on appeal.

5

dismissing his complaint as frivolous. Brown explains that, even though the trial court subsequently filed a 1925(a) opinion, it did not adequately explain its reasons for dismissing his complaint as frivolous; thus, this Court is still unable to conduct meaningful appellate review. We disagree. In its 1925(a) opinion, the trial court explained that Brown's complaint was frivolous because it did not state a cognizable claim. Moreover, because the trial court's decision was based solely on the allegations set forth in the complaint, we are able to conduct appellate review of the merits of Brown's allegations of error.[11]

### Denial of *In Forma Pauperis* Status

Brown next argues that the trial court abused its discretion in denying his request for leave to proceed *in forma pauperis* under Section 6602(f) of the PLRA because he is in imminent danger of serious bodily harm. In the alternative, Brown argues that the trial court should have given him the opportunity to pay the filing fees prior to dismissing his complaint under Section 6602(f) of the PLRA.

Section 6602(f), commonly referred to as the "three strikes rule," is intended to curb abusive litigation by prisoners. It states:

> (f) Abusive litigation.--If the prisoner has previously filed prison conditions litigation and:
>
> > (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
> >
> > (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant

---

[11] This Court "may affirm the trial court for grounds different than those relied upon by the trial court where other grounds for affirmance exist." *See Philadelphia Federation of Teachers v. School District of Philadelphia*, 109 A.3d 298, 320 n.35 (Pa. Cmwlth. 2015), *aff'd on other grounds*, 144 A.3d 1281 (Pa. 2016).

6

and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;

the court may dismiss the action. *The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.*

42 Pa. C.S. §6602(f) (emphasis added).

The instant action constitutes "prison conditions litigation," as that term is defined in Section 6601 of the PLRA, 42 Pa. C.S. §6601,[12] because a petition for mandamus is a civil action; Department Employees and Court Employees are government parties; and the allegations in the complaint relate to the conditions of Brown's confinement.[13] Further, there is no dispute that Brown is an abusive litigator under Section 6602(f). Brown has a history of filing frivolous lawsuits. In *Brown v. Department of Corrections*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012), this Court observed that

---

[12] The term "prison conditions litigation" is defined, in pertinent part, as

[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal….

42 Pa. C.S. §6601.

[13] Brown argues that his suit against Court Employees is not prison conditions litigation because the claims relate to the denial of access to the court. Brown Supplemental Brief at 4. We disagree. Brown's claims against Court Employees relate to their actions in handling a prior prison conditions complaint filed in Greene County. Brown seeks a writ of mandamus compelling Court Employees to process his "notice of appeal and related filings[.]" Complaint at 11, ¶1. In *Brown v. Levy*, 73 A.3d 514, 519 (Pa. 2013), our Supreme Court held that a "mandamus petition to force acceptance of a complaint about prison conditions is itself prison condition litigation within the meaning of the statute; it relates directly to an underlying complaint regarding prison conditions litigation." For the same reason, Brown's complaint against Court Employees constitutes prison conditions litigation.

7

[f]or purposes of the [] PLRA, Brown has a prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement. *See, e.g., Brown v. Pennsylvania Department of Corrections []* (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12 n.7 ("Our research has shown that Brown has filed well over twenty *pro se* matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments. The matters have been filed in various Courts of Common Pleas, this Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury") (citations omitted); *see also Brown v. Pennsylvania Department of Corrections,* 913 A.2d 301, 306 (Pa. Cmwlth. 2006) ("Brown is a well-qualified abusive litigator within the meaning of the PLRA."); *Brown v. James,* 822 A.2d 128, 131 (Pa. Cmwlth. 2003) (concluding that Brown has accumulated "three strikes" under section 6602(e)(2) of the Pennsylvania PLRA and that his civil actions are subject to dismissal per section 6602(f)(1)).

Because Brown has at least three prison condition lawsuits that were dismissed as frivolous, he can proceed *in forma pauperis* only if "he has made 'a credible allegation that [he] is in imminent danger of serious bodily injury' in seeking injunctive relief." *Brown v. Beard*, 11 A.3d 578, 581 (Pa. Cmwlth. 2010) (citing 42 Pa. C.S. §6602(f)). To be imminent, "the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Id.* (quoting *Commonwealth v. Capitolo*, 498 A.2d 806, 809 (Pa. 1985)).

Brown's complaint alleges that he is in danger of imminent bodily harm because the actions of Department Employees' have aggravated his medical issues, *i.e.*, prostate cancer, chronic obstructive pulmonary disease, hepatitis C, and gastroesophageal reflux disease. Complaint at 7, ¶11. In another case, this Court considered similar allegations of imminent danger by Brown. *See Brown v.*

8

*Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 3 M.D. 2017, filed January 17, 2018) (unreported), *affirmed*, 197 A.3d 1177 (Pa. 2018).[14]  We stated:

> In light of Brown's long history of abusive litigation, "this Court is not required to accept [his] allegations [of imminent danger] as true." *Brown v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12.  "[T]o establish the 'credible allegation' requirement of the Pennsylvania PLRA, it [is] imperative that he substantiate his averments with some form of evidence extrinsic to the complaint itself, such as medical documentation." *Brown*, 58 A.3d at 123.

*Brown*, slip op. at 4.  In that case, Brown's conclusory allegation of danger did not suffice because it was not substantiated with specific factual allegations or medical documentation; accordingly, Brown forfeited his *in forma pauperis* status.

Similarly, here, the complaint did not substantiate his averment of being in imminent danger of serious bodily injury with medical documentation.  Likewise, he did not identify the actions of Department Employees that allegedly aggravated his medical conditions.[15]  *See also Brown*, 11 A.3d at 581 (noting that Brown has unsuccessfully attempted to argue on prior occasions that alleged mistreatment by prison employees will aggravate his preexisting illness and put him at higher risk of developing more severe medical conditions).  Notably, Brown is no longer an inmate at SCI-Greene; thus, his contention that he is in danger of serious bodily injury is moot.  Trial Court 1925(a) Opinion at 6 n.9.

---

[14] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]"  210 Pa. Code §69.414(a).

[15] Attached to Brown's complaint is an affidavit from another prisoner, which purportedly supports Brown's assertions that he has been subjected to various punishments and is not receiving medical care. *See* Complaint, Exhibit B.  The affidavit is irrelevant because the prisoner does not allege that Brown is in imminent danger.  Also, Brown attached a grievance response to his complaint, which he claims verifies his diseases. *See* Complaint at 7, ¶11 and Exhibit A.  This grievance is not relevant because having a medical condition, by itself, does not put Brown in imminent danger.

For these reasons, we conclude that Brown's complaint did not satisfy the pleading requirements for a claim of imminent danger of serious bodily harm. Thus, the trial court did not err in denying Brown *in forma pauperis* status pursuant to Section 6602(f) of the PLRA.[16]

### Dismissal of Complaint as Frivolous

In his third issue, Brown argues that the trial court erred in dismissing his complaint as frivolous under Section 6602(e) of the PLRA, 42 Pa. C.S. §6602(e).[17] That provision states that a trial court "shall dismiss prison conditions litigation at any time" if it determines, *inter alia*, that the litigation is "frivolous or malicious or fails to state a claim upon which relief may be granted…." 42 Pa. C.S. §6602(e)(2). The PLRA defines frivolous as "[l]acking an arguable basis in either law or in fact." 42 Pa. C.S. §6601. With these principles in mind, we consider Brown's claims against each group of defendants.

### Department Employees

Brown contends that Department Employees have a mandatory "duty to abide by" the Department's internal policies and have not done so. Complaint at 9-10, ¶¶26-28. Brown seeks a writ of mandamus to compel Department Employees to comply with the Department's policies, including those policies related to inmate grievances, law library access, access to personal property, and provision of personal hygiene items. Complaint at 11, ¶1. In addition, Brown argues that Department

---

[16] We also reject Brown's argument that the trial court erred by not allowing him to pay the filing fees prior to dismissing his complaint. Under the PLRA, a prisoner that has been denied *in forma pauperis* status may still pursue the claims in the complaint after paying the requisite filing fees, *unless the complaint is frivolous*. *See Richardson v. Department of Corrections*, 97 A.3d 430, 434 (Pa. Cmwlth. 2014) (emphasis added) (a prisoner that is denied *in forma pauperis* under the PLRA may still pursue claims after paying the requisite filing fees).

[17] Department Employees did not respond to this argument in their brief or supplemental brief.

Employees have a mandatory duty to comply with the First, Eighth, and Fourteenth Amendments of the United States Constitution, and related provisions under the Pennsylvania Constitution, and have not done so.

Mandamus is an extraordinary writ that is available to compel performance of a ministerial duty where there exists: (1) a clear legal right in the plaintiff; (2) a corresponding duty in the defendant; and (3) the lack of any other adequate and appropriate remedy. *Banks v. Department of Corrections*, 759 A.2d 432, 433 (Pa. Cmwlth. 2000). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). Brown's complaint does not meet these standards.

It is well settled that "administrative rules and regulations do not create enforceable rights in prison inmates." *Rawlings v. Wetzel* (Pa. Cmwlth., No. 562 M.D. 2016, filed October 20, 2017), slip op. at 7 (unreported) (citing *Tindell v. Department of Corrections*, 87 A.3d 1029 (Pa. Cmwlth. 2014)). Brown's claim that Department Employees "fail[ed] to comply with prison policy is not a basis for a cause of action." *Id.* (citing *Africa v. Horn*, 701 A.2d 273 (Pa. Cmwlth. 1997)). *See also Shore v. Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017) ("In general, allegations that the Department failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates."). Thus, Brown's allegation that Department Employees did not comply with the Department's policies does not support Brown's request for a writ of mandamus, and the trial court did not err in holding that this portion of Brown's complaint is frivolous.

11

We turn then to Brown's request for a writ of mandamus to compel Department Employees to comply with the First, Eighth, and Fourteenth Amendments of the United States Constitution. Because Brown is proceeding *pro se*, this Court will liberally construe the allegations in his complaint.[18]

Brown's claim under the First and Fourteenth Amendments[19] relates to Department Employees' alleged denial of Brown's access to the courts. Brown alleges that Department Employees denied him access to his legal files and to the law library; destroyed his legal property; did not provide him with postage for his legal mail; removed the carbon paper from his indigent legal packages; and would not provide him with copies of the cash slips for his legal mail.

Denial of access to legal materials may constitute a violation of an inmate's right to due process and to access the courts. *Hackett v. Horn*, 751 A.2d 272, 275-76 (Pa. Cmwlth. 2000). In order to state a claim for a violation of the right to access the courts, "a prisoner must allege and offer proof that he suffered an 'actual injury' to court access as a result of the denial…." *Id.* at 275. "The [United States] Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement…." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

---

[18] The complaint sets forth 42 allegations of wrongdoing, followed by Brown's rights, Defendants' duties, and the relief sought.

[19] The First Amendment of the United States Constitution states, in relevant part, "Congress shall make no law … prohibiting … the right of the people … to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Fourteenth Amendment of the United States Constitution provides, in relevant part, "nor shall any State deprive any person of … property, without due process of law…." U.S. CONST. amend. XIV, §1.

Here, Brown's complaint does not identify a single instance where he was denied access to a court. It does not allege that Brown lost or was unable to pursue a claim because he did not have access to his legal materials or the law library. It does not allege that he missed any court deadlines. In short, Brown's complaint does not state a claim that Department Employees interfered with his right to access the courts, and the trial court did not err in dismissing this claim as frivolous.

Brown's claim under the Eighth Amendment[20] relates to Department Employees' alleged denial of medical care and basic hygiene items. In order to state a claim under the Eighth Amendment, an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Tindell*, 87 A.3d at 1038 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Whether the medical need of an inmate is sufficiently serious to constitute an injury amounting to cruel and unusual punishment is an objective inquiry." *Id.*

"In addition to satisfying the objective component of an Eighth Amendment claim, a prisoner must also allege acts or omissions that evidence deliberate indifference on the part of prison officials in order to state a cognizable claim that the prisoner's constitutional right to be free from cruel and unusual punishment has been violated." *Id.* at 1039. A prisoner must establish that: "(i) the prison official knew of and disregarded an excessive risk to inmate health or safety; (ii) the prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference." *Id.* (internal footnote omitted).

---

[20] The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments." U.S. CONST. amend. VIII.

13

Here, Brown's complaint alleges that he has been diagnosed with prostate cancer, chronic obstructive pulmonary disease, hepatitis C, and gastroesophageal reflux disease. He claims that his medical care was either delayed or denied, his prescription medications and treatments were either not provided or delayed, and he was denied personal hygiene supplies.[21] However, Brown does not allege that Department Employees acted with "deliberate indifference" to his medical needs. Specifically, Brown does not allege that Department Employees were aware of his medical conditions and that they acted in a manner to prevent him from receiving medical treatment. *See Tindell*, 87 A.3d at 1040. Further, Brown does not allege that Department Employees acted with the knowledge that without treatment Brown would be exposed to a substantial risk of serious harm. Nor does he allege that he suffered any injury. For these reasons, we conclude that Brown's complaint failed to state a claim under the Eighth Amendment, and the trial court properly dismissed this claim as frivolous.[22]

---

[21] The Department may require inmates to pay for personal hygiene supplies. *Neely v. Department of Corrections*, 838 A.2d 16, 20 (Pa. Cmwlth. 2003).

[22] Additionally, Brown seeks a declaratory judgment that: (1) he should be classified as a political prisoner; (2) Department Employees' actions are not within the lawful scope of their employment and pose a serious risk to his well-being; (3) he should be given certain hygiene items; and (4) Department Employees' actions in restricting his access to his legal files and the law library interfered with his legal activities. Complaint at 12. However, the complaint does not state how declaratory relief would terminate any controversy or resolve any uncertainty. *See Jamal v. Department of Corrections*, 549 A.2d 1369, 1371 (Pa. Cmwlth. 1988) (no basis for inmate's claim for declaratory judgment because the petition does not indicate how declaratory relief will terminate a controversy or resolve any uncertainty). For this reason, Brown has not stated a claim for declaratory relief against Department Employees.

Finally, Brown requests a permanent injunction to prevent Department Employees from not complying with the Department's internal policies regarding basic hygiene items, discipline, medical care, and access to his legal property, the law library and stationery. Complaint at 12. As we explained above, the Department's internal policies and procedures do not create any enforceable rights. For this reason, Brown has failed to state a claim for injunctive relief. *See*

**Court Employees**

With regard to Court Employees, Brown seeks a writ of mandamus compelling (1) Judge Toothman to recuse himself from all legal proceedings involving Brown, and (2) White and Wise to "process" his notice of appeal and related filings in another matter. Complaint at 11, ¶1(i), (vi). As explained above, "[t]he essence of an action in mandamus is that a specific actor has a non-discretionary duty to perform a particular act." *Finn v. Rendell*, 990 A.2d 100, 106 (Pa. Cmwlth. 2010).

At the outset, we note that there is nothing in the record to suggest that Judge Toothman was biased. Further, Brown does not cite any law imposing a duty on Judge Toothman to recuse himself.[23] Indeed, this Court has recognized that "[w]hether a judge believes disqualification is necessary is a matter of *individual discretion* and conscience*." In re Appointment of a School Director for Region No. 9 of Keystone Central School District*, 682 A.2d 871, 873 (Pa. Cmwlth. 1996) (emphasis added); *see also U.S. Steel Corporation v. Papadakos*, 437 A.2d 1044, 1045 (Pa. Cmwlth. 1981) ("Unwillingness to recuse oneself is a discretionary decision, and neither it, nor its converse can be specifically ordered by a writ of mandamus….").

---

*Singleton v. Lavan*, 834 A.2d 672, 674 (Pa. Cmwlth. 2003) (party seeking a permanent injunction must, in pertinent part, establish that he has a clear right to relief).

[23] Brown asserts that Judge Toothman has a duty to abide by the Code of Judicial Conduct, including the canons requiring every judge to perform his duties impartially. However, the Supreme Court, in *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 489 A.2d 1291, 1298 (Pa. 1985) (emphasis in original), stated that the Code of Judicial Conduct "does not have the force of substantive law, but imposes standards of conduct upon the judiciary to be referred to by a *judge* in his *self-assessment* of whether he should volunteer to recuse from a matter pending before him." Additionally, "[t]he rules do not give standing to others … to seek compliance or enforcement of the Code because its provisions merely set a norm of conduct for all our judges and do not impose substantive legal duties on them." *Id.*

15

Additionally, with regard to Brown's claim that White and Wise had a duty to process his notice of appeal and take action on his documents, Brown has not pled facts or cited law that establishes any such duty. *See* Complaint at 6-7, ¶10. Furthermore, Brown's reliance on *In re Administrative Order No. 1-MD-2003*, 936 A.2d 1 (Pa. 2007), to support his contention that White and Wise lack "the authority to decline to accept a timely filed document[,]" is unpersuasive. Complaint at 10, ¶31. In that case, our Supreme Court held that the clerk of courts had a duty to comply with an administrative order of the county court of common pleas. In reaching this conclusion, the Supreme Court explained that the powers granted to the clerk of courts are ministerial in nature and that any authority exercised "must derive from either statute or rule of court." *In re Administrative Order*, 936 A.2d at 9. As Brown has not identified any statute or rule of court which requires White or Wise to process his notice of appeal, he failed to establish a clear legal right. Accordingly, the trial court did not err in dismissing this portion of Brown's complaint as frivolous.

### Conclusion

In sum, Brown is an abusive litigator, and the trial court correctly denied him *in forma pauperis* status pursuant to Section 6602(f) of the Prison Litigation Reform Act. We affirm the trial court's dismissal of Brown's complaint as frivolous.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

16

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,
          Appellant

v.

Mike Zaken; Deputy Dialesandro;
Tracy Shawley; Irma Vihlidal; Capt.
Schrader; A.J. Morris; Lt. Stickles;
Sgt. Trout; B. Jordan; Kyle Guth;
Farley Toothman; Susan K. White;
and Sherry Wise

: 
: 
: 
: 
: No. 1347 C.D. 2016
: 
: 
: 
: 
: 
: 
: 
: 

# **O R D E R**

AND NOW, this 7th day of February, 2019, the order of the Court of Common Pleas of Greene County dated June 16, 2016, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge