# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

HERMAN O. HELLAMS,

          Appellant

          v.

PENNSYLVANIA BOARD OF PROBATION
AND PAROLE,

          Appellee

: No. 93 MAP 2022
:
: Appeal from the Order of the
: Commonwealth Court dated June 3,
: 2022 at No. 584 MD 2020
:
:
:
:
:
:
:
:

## ORDER

**PER CURIAM**

    **AND NOW,** this 28th day of July, 2023, the June 3, 2022, Order granting Preliminary Objections filed by the Pennsylvania Board of Probation and Parole and dismissing Appellant's Petition for Mandamus is **VACATED**.

    Consistent throughout Appellant's filings and his communications with Appellee are his averments that he filed a timely administrative appeal by submitting an Administrative Relief Form and accompanying letter on April 27, 2017, and that Appellee has failed in its duty to act on that appeal.[1] "Mandamus has been held to be the proper remedy to compel the Board to conduct a required hearing or to correct a mistake in applying the law." *Donnell v. Com., Pa. Bd. of Prob. & Parole*, 434 A.2d 846, 846–47 (Pa. Cmwlth. 1981) (citing *Commonwealth ex rel. Davis v. Pa. Bd. of Parole*, 398 A.2d 992 (Pa. 1979) (additional citation omitted)). Appellee has not offered any response to

---

[1] *See* 61 Pa.C.S. § 6113 (d).

Appellant's averments before the Commonwealth Court or this Court. Accordingly, this aspect of the issues raised in Appellant's Petition for Mandamus is appropriately addressed to the Commonwealth Court's original jurisdiction and the court erred in concluding otherwise. Additionally, the Commonwealth Court erred in concluding, without providing any supporting findings of fact or explanation, that Appellant's administrative appeal rights had lapsed. We **REMAND** the case for the court to conduct appropriate further proceedings and/or fact finding to determine if Appellant is due relief. Jurisdiction relinquished.