**\*AMENDED CLD-179**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4095
_____

JUSTICE RASIDEEN ALLAH,
                                        Appellant

v.

MICHELE R. RICCI, Administrator New Jersey State Prison; GEORGE HAYMAN,
Commissioner New Jersey Department of Corrections; ALFORD KANDELL, Assistant
Administrator New Jersey State Prison; SGT. GROVER, Second Shift Supervisor New
Jersey State Prison; K. HARRISON, Senior Correctional Officer New Jersey State
Prison;  NAPARELLA, Senior Correctional Officer New Jersey State Prison
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:08-cv-01753)
District Judge:  Honorable Joel A. Pisano
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 24, 2013)
_____

OPINION
_____

PER CURIAM

Pro Se Appellant Justice Raisdeen Allah, a prisoner confined at the New Jersey State Prison, appeals from an order of the United States District Court for the District of New Jersey granting Appellees' motion to dismiss, or in the alternative, for summary judgment and denying his motion for summary judgment for his civil rights complaint pursuant to 42 U.S.C. § 1983, and from an order denying his motion for reconsideration. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. Allah's claims concern conditions of his confinement. Specifically, for a three-month period, from August 31, 2006 to November 21, 2006, Allah was housed in cell 32, on the seven wing housing unit. Allah claimed that the cell had extensive water damage. During Allah's placement in cell 32, he stated that it rained approximately twelve times, and that after each time it rained, the cell leaked. The problems with the cell were on the days it rained, and two or three days after it rained, not consistently for three months. Allah stated that he suffered headaches and from sleep deprivation from having to sleep on wet and cold sheets. He also stated that he was afraid he would get shocked because of the way the light fixture was installed in his cell, but that he was never actually shocked. Moreover, Allah alleged that the Appellees knew

2

about the water problem in his cell, but failed to act. Allah claimed that these conditions violated the Eighth Amendment.

The parties filed cross-motions for summary judgment. The District Court granted the Appellees' motion to dismiss, or in the alternative, for summary judgment and denied Allah's motion for summary judgment, because, among other reasons, Allah did not meet the standard for an Eighth Amendment conditions of confinement claim. Allah subsequently filed a timely motion for reconsideration of the District Court's judgment, which the District Court denied. Allah timely filed this appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Allah's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992), we will review the District Court's grant of summary judgment to Appellees and denial of summary judgment to Allah, as well as its denial of Allah's motion for reconsideration, even though the notice of appeal expressly seeks to appeal only the denial of the motion for reconsideration. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007). We exercise plenary review of a district court's order granting or denying summary judgment, applying the same standard as the district court. See Tri–M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011). We will affirm only if "drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to

any material fact and . . . the moving party is entitled to judgment as a matter of law." Id. The same standards and burdens apply on cross-motions for summary judgment. Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm the District Court's decision if the appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

III.

The Eighth Amendment protects prison inmates from cruel and unusual punishment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (1994). A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a

4

claim for unconstitutional conditions of confinement.  Hudson v. McMillian, 503 U.S.1, 8-9 (1992).

We agree with the District Court that Allah has not met the objective prong of the test, as the conditions to which Allah was exposed do not rise to the level of extreme deprivation.  The record shows that the problem with the rain was not consistent for the three months Allah was housed in cell 32, but that it was only a problem for the day it rained and two or three days thereafter.  According to Allah, it rained approximately twelve times during the three months that he was housed in cell 32.  While Allah alleges he suffered headaches as a result of the water leaking in his cell and suffered some discomfort, the record shows that Allah did not suffer any substantial injury to his person or property.  The record shows that the prison complied with constitutional standards at the most basic level, and Allah does not provide any evidence from which a reasonable jury could conclude that he was deprived of the "minimal civilized measure of life's necessities,"  Farmer, 511 U.S. at 834 (1994), or that  his health and safety were at risk.  See Hassine v. Jeffes, 846 F.2d 169, 174-75 (3d Cir. 1988).

Because the objective prong of the Eighth Amendment inquiry cannot be satisfied on the undisputed facts presented here, there is no need to address the subjective prong. Accordingly, we conclude that the District Court properly granted the Appellees' motion for summary judgment and properly denied Allah's motion for summary judgment.

IV.

Generally, motions for reconsideration under Federal Rule of Civil Procedure 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citation omitted). We agree with the District Court that Allah's motion for reconsideration does not meet the requirements necessary to permit the District Court to reconsider its decision.

V.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Appellant's motion to stay the proceedings is denied.[1]

---

[1] Because we find that Allah has failed to assert a valid Eighth Amendment conditions of confinement claim, there is no need to address whether Allah exhausted his administrative remedies as required by the Prison Litigation Reform Act, or whether Allah's claims are barred by the Eleventh Amendment.