IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                  :
           Appellant       :
                               :
        v.                 :    No. 448 C.D. 2018
                               :    Submitted: September 14, 2018
Michael Haines              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: February 7, 2019

       William Mayo (Mayo), *pro se*, appeals an order of the Fayette County Court of Common Pleas (trial court), which dismissed Mayo's complaint seeking a writ of mandamus directing correctional officer Sergeant Michael Haines (Haines) to cease chewing tobacco while serving food trays. The trial court held that Mayo's complaint was frivolous under Section 6602(e) of the act commonly known as the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §6602(e). For the reasons to follow, we affirm.

       Mayo is presently incarcerated at the State Correctional Institution (SCI) at Smithfield. The allegations in his underlying complaint relate to an incident that occurred while he was incarcerated at SCI-Fayette in the Restricted Housing Unit (RHU). The complaint alleged that on May 3, 2017, Haines was chewing tobacco while he and another correctional officer were distributing dinner trays to inmates in the RHU. Mayo observed Haines spit the chewing tobacco into a trashcan in front of Mayo's cell.

Mayo alleged that Haines' act of chewing and spitting tobacco while serving dinner trays was inhumane and violated the RHU handbook and a Department of Corrections' (Department) policy related to food service. Complaint at 2, ¶5. In his complaint, Mayo sought an order directing Haines to "stop chewing tobacco[] while serving the trays[.]" Complaint at 5. In addition, Mayo sought punitive and nominal damages.

In response to the complaint, Haines filed preliminary objections in the nature of a demurrer contending that Mayo failed to state a legally cognizable claim. Haines stated that the Department's policies, which were the bases of Mayo's claim, applied to inmates, not staff. Additionally, Haines argued that the complaint did not show that Mayo had a clear right to relief.

On March 1, 2018, the trial court dismissed Mayo's complaint pursuant to Section 6602(e) of the PLRA, 42 Pa. C.S. §6602(e). Under Section 6602(e) of the PLRA, a trial court shall dismiss prison conditions litigation at any time if it determines, *inter alia*, that the litigation is "frivolous or malicious or fails to state a claim upon which relief may be granted…." 42 Pa. C.S. §6602(e)(2).[1] The PLRA

---

[1] The PLRA provides for "the manner in which prisoners can engage in prison conditions litigation, setting forth, *inter alia*, the definitions of such litigation, the filing fees to be paid, and the ability of a trial court to dismiss such litigation for various reasons." *Lopez v. Haywood*, 41 A.3d 184, 186 (Pa. Cmwlth. 2012). Section 6602(e) of the PLRA states, in full:

> (e) Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
> > (1) The allegation of indigency is untrue.
> > (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.
> The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

defines "frivolous" as "[l]acking an arguable basis in either law or in fact." 42 Pa. C.S. §6601. The trial court dismissed Mayo's complaint as frivolous because the policies on which Mayo relied to support his claim governed only inmate conduct and did not apply to correctional officers. Further, Mayo did not allege that he was injured in any way by Haines' actions. Mayo filed a notice of appeal on April 2, 2018.

On appeal,[2] Mayo argues that the trial court erred in dismissing his complaint. Mayo contends the Department's policy related to food service prohibits tobacco in any areas where food is served.

Mandamus is an extraordinary writ that is available to compel performance of a ministerial duty where there exists: (1) a clear legal right in the plaintiff; (2) a corresponding duty in the defendant; and (3) the lack of any other adequate and appropriate remedy. *Banks v. Department of Corrections*, 759 A.2d 432, 433 (Pa. Cmwlth. 2000). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

This Court has held that, "[i]n general, allegations that the Department failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). *See also Rawlings v. Wetzel* (Pa. Cmwlth., No. 562 M.D. 2016, filed October 20, 2017), slip

---

42 Pa. C.S. §6602(e).

[2] In reviewing the trial court's decision, we must determine whether constitutional rights have been violated, the trial court abused its discretion, or the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).

op. at 7 (unreported)[3] ("[A] failure to comply with prison policy is not a basis for a cause of action."). This precedent reflects the axiom that administrative policies do not create enforceable rights in inmates. *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998).

Here, Mayo's allegation that Haines failed to follow the Department's internal policy on food service cannot form the basis for his cause of action.[4] Stated otherwise, Mayo failed to establish the clear legal right necessary to obtain mandamus relief. Accordingly, the trial court did not err in dismissing his complaint as frivolous under Section 6602(e)(2) of the PLRA.

Mayo argues that Haines' act of chewing and spitting tobacco around his food is unsanitary and inhumane because some of the "tobacco spit came in contact with [his] food." Mayo's Brief at 4, 10; *see also* Complaint, Exhibit C at 2. Mayo explains that witnessing Haines' conduct rendered Mayo unable to eat and caused him to lose weight. However, Mayo does not expressly raise a claim under the Eighth Amendment to the United States Constitution.[5] We infer, nevertheless, that he intended to request a writ of mandamus to compel Haines to comply with the Eighth Amendment. *See also* Mayo's Brief at 10 (stating "food is one of the most basic necessities of life protected by the Eighth Amendment").

Prison officials have a duty to provide humane conditions of confinement, in that they must ensure that inmates receive adequate food, clothing, shelter and medical care. *Neely v. Department of Corrections*, 838 A.2d 16, 20 (Pa.

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" 210 Pa. Code §69.414(a).

[4] Notably, the Department's food service policy states, in pertinent part, that, "[t]his policy does not create rights in any person…." Complaint, Exhibit E.

[5] The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments." U.S. CONST. amend. VIII.

Cmwlth. 2003). To establish an Eighth Amendment claim based on prison conditions, this Court has stated that:

> an inmate "must satisfy both an objective and subjective test." *Allah v. Ricci*, 532 Fed. Appx. 48 (3d Cir. 2013). Under these requirements, an inmate must demonstrate that the deprivation he alleges is "sufficiently serious" and that the correctional institution has deprived him of "minimal civilized measure of life's necessities." *Id.* at 51. Furthermore, an inmate must also demonstrate that the conditions under which he is confined pose a substantial risk of harm and that the officials who have allegedly deprived the inmate of such necessities did so with a sufficiently culpable state of mind and acted with deliberate indifference to the inmate's health or safety. *Id.*

*Thomas v. Corbett*, 90 A.3d 789, 797 (Pa. Cmwlth. 2014).

Mayo's complaint did not allege that he was deprived of any of the minimal necessities of human life, such as food, shelter or medical care. It did not allege that he received food that was contaminated with spit, tobacco or any foreign substance.[6] In short, it did not allege that he suffered an injury. Accordingly, we conclude that Mayo failed to state a claim under the Eighth Amendment and the trial court properly dismissed his claim as frivolous.

For all of these reasons, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[6] In his brief, Mayo states that "if a food tray is distributed (without a lid on it) and staff spit chewing tobacco in a garbage can that[']s placed (just inches away from a cell) seconds prior to passing out the trays [it] is unconceivable [sic] to believe that none of the tobacco spit came in contact with the food[.]" Mayo's Brief at 4. Mayo did not raise these allegations in his complaint; therefore, this Court will not consider these allegations on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                          :
           Appellant          :
                                     :
           v.          :  No. 448 C.D. 2018
                                     :
Michael Haines                         :

## **O R D E R**

AND NOW, this 7th day of February, 2019, the order of the Fayette County Court of Common Pleas dated March 1, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge