**CLD-167**                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1519
_____

JAMES GEORGE,
                    Appellant

v.

MS. JERI SMOCK, CHCA, Health Care Administrator; MICHAEL CLARK, Facility
Manager; CORRECTCARE SOLUTIONS WELPATH CORP; DANIEL STROUP,
Physician's Assistant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00320)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 29, 2023

Before: SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 11, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Pro se appellant James George, proceeding in forma pauperis, appeals from the District Court's judgment in favor of Defendants in this 42 U.S.C. § 1983 action. Since George does not present a substantial question, we will summarily affirm.

I.

George alleges that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. Specifically, George alleges that Defendant Daniel Stroup failed to take appropriate action to diagnose the source of his chronic pain.[1] After the District Court dismissed two of the Defendants,[2] the remaining Defendants—Stroup and Correctcare Solutions Welpath Corp.—filed a motion for summary judgment, which the District Court granted. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review under § 1915(e)(2)(B)(ii) with respect to the grant of summary judgment. See Allah v. Ricci, 532 F. App'x 48, 50 (3d Cir. 2013); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

---

[1] George also alleges that Stroup had been "falsifying his medical records" and "practicing medicine … as a medical doctor for close to two (2) years without the proper training or M.D. certificate." George failed to present any evidence to support this allegation, while Stroup demonstrated that he has been licensed as a physician's assistant since 2005.

[2] This Court concurs with the District Court's reasons for dismissing those Defendants.

2

We must dismiss this appeal if we conclude that it is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). We may summarily affirm the District Court's order if we conclude that George has not presented a substantial question or that subsequent precedent or a change in circumstances warrants such action. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

## II.

To state a claim under § 1983 that prison medical care violated his Eighth Amendment rights, a prisoner must point to "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016). Inadequate care stemming from errors in medical judgment is not actionable under the Eighth Amendment. Id. "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017).

The record shows that George received medical care from Defendants and other medical professionals on multiple occasions. In addition to numerous examinations by medical professionals, George also underwent x-ray scans on four separate occasions and ultrasound scans on two separate occasions over approximately 15 months. During that time, he was diagnosed with and treated for bilateral inguinal adenopathy, hyperlipidemia, and a urinary tract infection. George contends that Defendants failed to

3

eliminate his lower back pain, but the successful resolution of medical problems is not the standard. Rather, to succeed on his claim, George needed to demonstrate deliberate indifference to his serious medical need. He failed to do so. At best, he demonstrated that he received substantive care from medical professionals using their discretion to treat his ailments in a manner that was not fully successful. This does not rise to the level of an Eighth Amendment violation. See Parkell, 833 F.3d at 337.

Accordingly, we conclude that George has not presented a substantial question, and thus summarily affirm the District Court's order.