**Richard EVANS, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS and Pennsylvania Board of Probation and Parole, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1998.

Decided June 23, 1998.

Richard Evans, petitioner, for himself.

Arthur R. Thomas, Harrisburg, for respondents.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

Before this Court are preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole and the Pennsylvania Department of Corrections (collectively, the Board) in response to a petition for review in the nature of mandamus filed in our original jurisdiction by in-

mate Richard Evans (Evans). In his petition, he claims that the calculation of his maximum sentence date by the Board was erroneous and requests a hearing to determine the proper calculation of the maximum term of his sentence.

Evans is incarcerated at SCI–Huntingdon after being recommited to the institution as a convicted and technical parole violator. On January 29, 1998, he filed a petition for review with this Court in our original jurisdiction in the nature of a writ in mandamus [1] alleging that the Board miscalculated his maximum release date to be May 31, 2001, based on its unlawful confinement of him as a result of his 1980 conviction for theft, receiving stole property and conspiracy.[2] Evans requested this Court to issue a writ of mandamus against the Board to convene a hearing and make a proper determination of his maximum sentence date.

In response to Evans' petition, the Board filed preliminary objections that are presently before this Court. The Board alleges, *inter alia*, that we lack original jurisdiction to review Evans' petition. We note that Evan's petition was filed in our original jurisdiction pursuant to 42 Pa.C.S. § 761; however, in *McMahon v. Pennsylvania Board of Probation and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983), our Supreme Court held that a writ of mandamus seeking a correction of the

[1] Mandamus is only available to compel the performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other adequate and appropriate remedy. *Donnell v. Pennsylvania Board of Probation and Parole*, 61 Pa.Cmwlth. 517, 434 A.2d 846 (1981).

[2] Evans was first arrested for committing robbery and conspiracy in June of 1976 and was convicted for those crimes in January of 1977. He was sentenced to serve 1.5 to 10 years. After serving 1.5 years of his sentence, Evans was paroled. He was again arrested in January of 1980 on charges of theft, receiving stolen property and conspiracy. He was convicted in January of 1981 and sentenced to 2 to 5 years. Evans appealed his charges to the Superior Court which reversed and remanded for a new trial. On remand, Evans pled guilty to the charge of receiving stolen property based upon a negotiated plea agreement that he would not be found to

be a parole violator in connection with that charge. The disposition of the other two charges is unclear from the record.

The record also does not indicate what transpired within the next 34 months, but it does reflect that in October of 1983, he was convicted in Federal District Court on charges of conspiracy and possession of stolen mail and sentenced to 10 years in federal prison. He was paroled on June 26, 1986. Evans was then transferred to a state prison on July 2, 1986, pursuant to the Board's detainer as a parole violator to his 1979 and 1980 convictions and unaware of any plea agreement. Apparently, for the next two years or so, Evans attempted to correct what he believed to be an error in the calculation of his sentencing based on his plea agreement regarding the 1980 conviction. On August 24, 1993, the Court of Common Pleas of Beaver County issued an order indicating that based on Evans' guilty plea to receiving stole property, he was to serve confinement in a state correctional institution equal to the time served to date.

computation of a prison term after recommitment for a parole violation was not properly a matter addressed by this Court's original jurisdiction, but a matter properly addressed to our appellate jurisdiction pursuant to 42 Pa.C.S. § 763.

We followed our Supreme Court's holding in *McMahon* in *St. Clair v. Commonwealth, Pennsylvania Board of Probation and Parole*, 89 Pa.Cmwlth. 561, 493 A.2d 146 (1985), and determined that an inmate's petition for review under our original jurisdiction from a Board decision extending his maximum term expiration date after recommitment was actually an appeal from an order of a Commonwealth agency in our appellate jurisdiction. We then reviewed his petition to determine if he had exhausted all of his available administrative remedies prior to filing his petition with this Court. We dismissed his petition finding that the Board provided an administrative appeal process from its decision and the inmate had failed to timely avail himself of that process.

The appeal process available to an inmate who seeks the recalculation of his maximum sentence date is found at 37 Pa.Code § 73.1(b)(1). That regulation provides in relevant part:

> A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

Pursuant to 37 Pa.Code § 73.1(b)(4), an employee of the Board designated by the Chairperson may review and respond to a petition for administrative relief.[3] In any event, an inmate's failure to petition for administrative relief with the Board from the alleged miscalculation of a maximum sentence acts as a bar to judicial intervention in the administrative process. *St. Clair.*

■ In this case, although Evans alleges that his maximum sentence date was miscalculated, he never filed a petition for administrative relief with the Board. Because Evans did not petition for administrative relief with the Board from that calculation, he did not exhaust his administrative remedies. Consequently, because he did not avail himself of the available administrative remedy by filing an appeal from the 1994 order, his petition for review is dismissed.[4]

Accordingly, the preliminary objections filed by the Board are granted and Evans' petition for review is dismissed.

### ORDER

AND NOW, this 23rd day of June, 1998, the preliminary objections filed by the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole are granted and the petition for review filed by Richard Evans is dismissed.

---

3. Administrative relief requests resulting from revocation hearings before a hearing examiner are handled by the Director of the Case and Records Management Division, while requests resulting from revocation hearings heard by a full two-member revocation panel are handled by the Director of the Hearing Review Division. No other persons have been authorized by the Parole Board Chairman to respond to requests or petitions for administrative review. T. Wile, Pennsylvania Law of Probation and Parole, (1993) § 15:7.

4. We need not reach the issue of mandamus because whether the parolee has stated a proper cause in mandamus comes within our original jurisdiction, not our appellate jurisdiction as is the case here. *St. Clair.*