J-S46041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :       IN THE SUPERIOR COURT OF
                                       :                   PENNSYLVANIA

           Appellee         :
                                       :

             v.               :

TERRY L. HUNT,                 :
                                       :

          Appellant     :          No. 2300 MDA 2013

Appeal from the Order entered on November 20, 2013
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0002174-2000

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 20, 2014**

Terry L. Hunt ("Hunt") appeals, *pro se*, from the Order denying his

Motion for Correction of Sentencing Order.  We affirm.

The trial court set forth the relevant facts as follows:

This matter arises out of a shooting which occurred on March 28, 2000.  On that day, [Hunt] and his cousin were driving [Hunt's] vehicle in the city of Harrisburg, when they spotted a vehicle driven by Jeffrey Holland ("Holland"), with whom [Hunt] previously had a number of violent encounters.  [] Chevelle Clayton ("Clayton") and her one[-]year[-]old child [] were passengers in Holland's vehicle.  From the passenger's seat of his vehicle, [Hunt] aimed a gun and shot three times into the car driven by Holland.  One of the bullets struck the child in the arm; Holland and [] Clayton received injuries from shattered glass and bullet fragments.

Trial Court Opinion, 2/20/14, at 1.

Following a jury trial, Hunt was found guilty of three counts of

attempted homicide, and one count each of criminal conspiracy (attempted

homicide), recklessly endangering another person and persons not to possess a firearm.[1] On March 16, 2001, the trial court sentenced Hunt to an aggregate sentence of 23 to 46 years in prison, to be served consecutively to another prison sentence of 3 to 7 years previously imposed on Hunt for drug charges.

Following a procedural history not herein relevant, this Court affirmed Hunt's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Hunt*, 852 A.2d 1248 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 860 A.2d 122 (Pa. 2004). On April 21, 2005, Hunt filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"),[2] which was dismissed by the PCRA court on December 7, 2006. This Court affirmed the dismissal of Hunt's PCRA Petition, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Hunt*, 935 A.2d 13 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 940 A.2d 363 (Pa. 2007).

On September 9, 2013, Hunt filed, *pro se*, a Motion for Correction of Sentence, which the trial court denied on September 17, 2013. On November 7, 2013, Hunt filed, *pro se*, the instant Motion for Correction of

---

[1] *See* 18 Pa.C.S.A. §§ 901, 2501, 903, 2705, 6106.

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

Sentencing Order, which the trial court denied on November 20, 2013.[3] On December 26, 2013, Hunt filed a Notice of Appeal of the November 20, 2013 Order.[4] On January 7, 2014, the trial court ordered Hunt to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Hunt filed a timely Concise Statement.

On appeal, Hunt raises the following question for our review:

Was the [trial court] in error for denying [Hunt's] Motion for Correction of Sentencing Order, where there is a clear clerical error, which the trial court has the inherent power to correct, and this is affecting the Pennsylvania Department of Corrections calculation of his sentence, causing him to serve more time than what was imposed by the sentencing [j]udge?

Brief for Appellant at 4.

The PCRA provides the sole means for obtaining collateral review, and any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. ***Commonwealth v. Johnson,*** 803 A.2d 1291,

---

[3] Hunt's Motion for Correction of Sentencing Order is substantially similar to his Motion for Correction of Sentence.

[4] Both the trial court and the Commonwealth contend that Hunt's appeal is untimely, as his Notice of Appeal was filed beyond the 30-day appeal period permitted by Pa.R.A.P. 903(a). However, Hunt contends that his Notice of Appeal was mailed on December 19, 2013, one day before the 30-day appeal period expired, and that, pursuant to the "prisoner mailbox rule," his Notice of Appeal was timely filed. Brief for Appellant at 3. To avail himself of the prisoner mailbox rule, however, an incarcerated litigant must supply sufficient proof of the date of mailing. ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa. Super. 2001). Here, the record is devoid of any evidence to support Hunt's timeliness claim. Normally, in such a case, we would remand to the trial court for an evidentiary hearing on the timeliness issue. ***Id***. In the present case, however, no remand is necessary as we find Hunt is not entitled to relief. ***Id***.

1293 (Pa. 2002). It is clear, therefore, that Hunt's November 7, 2013 Motion for Correction of Sentencing Order qualifies as a PCRA petition.

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition,* shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Hunt's judgment of sentence became final on December 5, 2004, when the ninety-day period of time to file an appeal with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Beasley**, 741 A.2d 1258, 1260 (Pa. 1999). Hunt had until December 5, 2005, to file the instant PCRA Petition (Motion for Correction of Sentencing Order), but did not do so until November 7, 2013. Thus, Hunt's PCRA Petition (Motion for Correction of Sentencing Order) is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set

forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Hunt has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Albrecht*, 994 A.2d at 1094. Accordingly, Hunt has failed to overcome the untimeliness of his PCRA Petition (Motion for Correction of Sentencing Order).[5]

Order affirmed.

Shogan, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

---

[5] We note that a challenge to the calculation of time for a sentence is addressed to the Pennsylvania Department of Corrections, and not to the courts. *See Evans v. Pennsylvania Dep't of Corr.*, 713 A.2d 741, 743 (Pa. Cmwlth. 1998) (stating that inmate's failure to petition the Board of Probation and Parole for administrative relief from the alleged miscalculation of a sentence bars judicial intervention in the administrative process).