# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph A. Ochsenhirt,  :
                   Appellant  :
                                  :
            v.  :     No. 553 C.D. 2020
                                  :     Submitted: June 25, 2021
Pennsylvania Board of Probation  :
and Parole and Lee Estock,  :
Superintendent, SCI Pine Grove  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                   **FILED: August 9, 2021**


Ralph A. Ochsenhirt (Appellant), pro se, appeals the December 4, 2019 Order of the Court of Common Pleas of Indiana County (common pleas) dismissing his Petition for Writ of Habeas Corpus Ad Subjuciendum (Petition) for lack of jurisdiction due to Appellant not having brought his claim first to the Pennsylvania Board of Probation and Parole (Board).[1] Appellant argues that common pleas erred in dismissing the Petition for lack of jurisdiction because he was not challenging any administrative decision but the legality of his detention and because his maximum

---

[1] Subsequent to the filing of this appeal, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

sentence date had expired when he filed the Petition. After review, because Appellant filed the Petition challenging the legality of his sentence after the expiration of his maximum sentence date and before any administrative decision from the Board, common pleas did have jurisdiction over his Petition and, thus, erred. We, therefore, reverse and remand this matter to common pleas.

## I. BACKGROUND

In his Petition, Appellant alleged as follows. Following a period of incarceration, parole, and parole violations between both the Commonwealth of Pennsylvania and the federal prison system, Appellant is now serving a 7- to 20-year sentence for 2 counts of robbery committed in 1978 and 1981. (Petition ¶ 1(a)-(b); Original Record (O.R.) Item 2.) Originally, Appellant's sentences for these convictions were aggregated, and he had a maximum sentence date set in January 2001. (*Id.* ¶ 1(b).) While Appellant was incarcerated at State Correctional Institution-Pittsburgh, he escaped from February 1986 to August 1988. (*Id.* ¶ 1(c).) As a result, the Board changed the maximum sentence date for this sentence from 2001 to 2004 following his recommitment. (*Id.*) In February 1991, the Board paroled Appellant. (*Id.* ¶ 1(d).) While on parole, Appellant was arrested and convicted of 1 count of federal bank robbery in 1997 and sentenced to 66 months of incarceration in a federal prison. (*Id.* ¶ 2, 2(a).) During his incarceration in the federal prison system, the Board lodged its first detainer against Appellant. (*Id.* ¶ 2(b).) Upon his release from this federal sentence in November 2002, the Board executed its detainer warrant and charged Appellant as a convicted parole violator (CPV) as a result of the federal bank robbery conviction. (*Id.* ¶ 2(c).) Appellant was sentenced to 18 months for violating parole, and the Board extended his maximum sentence from 2004 to April 21, 2015. (*Id.* ¶ 2(e).) After Appellant served 21

months, the Board released him on his most recent parole on August 9, 2004. (*Id.* ¶ 2(f).)

While on parole, Appellant was arrested on November 21, 2005, and ultimately convicted of 4 counts of federal bank robbery, and sentenced to 194 months in the federal prison system. (*Id.* ¶ 3, 3(b).) Upon his arrest, the Board again lodged a detainer against Appellant. (*Id.* ¶ 3(a).) On May 26, 2008, while serving his federal sentence, Appellant requested a revocation hearing with the Board in absentia. (*Id*. ¶ 4.) In its response letter, the Board indicated that the hearing would be scheduled once Appellant was returned to Pennsylvania custody and therefore was "available for a Board action." (Petition, Exhibit B.) The Board further indicated that Appellant "must be present at this hearing so the Board can hear directly from [him] the circumstances surrounding [his] new charges." (*Id*.) Upon finishing his federal sentence on September 19, 2019, the Board executed its detainer warrant and extradited Appellant to Pennsylvania. (Petition ¶ 5-5(a).) Subsequently, the Board charged Appellant as a CPV as a result of his convictions on four counts of federal bank robbery. (*Id.* ¶ 6.)

Appellant then filed the Petition in common pleas, alleging that the Board violated his constitutional rights by charging him with violating his parole after his April 21, 2015 maximum sentence date expired. Appellant requested that common pleas order that his sentence had been served and that he be immediately released. Common pleas denied the Petition, finding that the court lacked jurisdiction because Appellant failed to first exhaust all administrative remedies before seeking judicial review under *Evans v. Pennsylvania Department of Corrections*, 713 A.2d 741, 743

3

(Pa. Cmwlth. 1998). (Common Pleas' December 4, 2019 Order; O.R. Item 3.) On December 19, 2020, Appellant filed the instant appeal with this Court.[2]

In its Opinion Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) (Rule 1925(a) Opinion), common pleas explained that between the filing of the Petition and the filing of Appellant's instant appeal, the Board held a revocation hearing on January 6, 2020, after which it revoked Appellant's parole and recalculated his maximum sentence date as May 16, 2030. (Rule 1925(a) Opinion at 2; O.R. Item 13.) Common pleas further explained that, under 37 Pa. Code § 71.4,[3] the Board was required to hold the revocation hearing within 120 days of Appellant's return to the Board's custody and that his January 6, 2020 revocation hearing properly occurred 110 days after his return to custody on September 19, 2019. (*Id.* at 3.) Common pleas also reiterated that it lacked jurisdiction because, at the time it ruled on Appellant's Petition and the time he filed his subsequent appeal, his "revocation hearing had not yet occurred, thus leaving an administrative remedy that [he] had yet to exhaust." (*Id.* at 2.) Common pleas "maintain[ed] that it did not

---

[2] Appellant filed a "Motion for Injunctive Relief" with common pleas, which was construed to be an appeal to this Court from common pleas' December 4, 2019 Order.

[3] Section 71.4(1)(i) states that

> [i]f a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, . . . 314 A.2d 842 ([Pa.] 1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

37 Pa. Code § 71.4(1)(i).

previously have, nor does it currently have jurisdiction to consider the merits of [Appellant's] Petition." (*Id*. at 3.) Appellant now appeals to this Court.[4]

## II. DISCUSSION

On appeal, Appellant argues that because "his state sentence expired on April 21, 2015," the Board "had no authority on September 19, 2019[,] to detain" him. (Appellant's Brief (Br.) at 7.) Relying on *Department of Corrections v. Reese*, 774 A.2d 1255 (Pa. Super. 2001), Appellant asserts that common pleas had jurisdiction over his Petition because the Board was detaining him "beyond the date of his maximum sentence at the time he filed his [Petition]." (*Id*. at 8.) Appellant posits that because the Board did not grant his request in 2008 for a revocation hearing, the Board denied him due process of law by not taking action and bringing finality to his case and, therefore, the Board now lacks authority to detain him. Because the Board indicated that Appellant had to be present at his revocation hearing, Appellant submits, the Board misstated the law as requiring a CPV to be present when a waiver is available under 37 Pa. Code § 71.4(6).[5] Additionally, given that Appellant was not challenging any administrative decision from the Board in his Petition, he asserts that common pleas erred in finding that it lacked jurisdiction due to any failure to exhaust administrative remedies.

In response, the Board argues that it "had authority to charge [Appellant] and commence revocation proceedings against [him] for committing a new crime while on parole[]" under Section 6138(a)(1) of the Prisons and Parole Code, 61 Pa.C.S.

---

[4] "Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to [determining whether there was an] abuse of discretion." *Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003) (emphasis omitted).

[5] Section 71.4(6) states: "The parolee has the right to be present during the entire proceeding, unless the parolee waives that right, refuses to appear or behaves disruptively." 37 Pa. Code § 71.4(6).

5

§ 6138(a)(1).[6]  (Board's Br. at 5. (citing *Choice v. Pa. Bd. of Prob. & Parole*, 357 A.2d 242 (Pa. 1976)).)  Because the Board held a revocation hearing on January 6, 2020, revoked Appellant's parole, and recalculated his maximum sentence date, the Board maintains that common pleas lost jurisdiction over Appellant's claim upon the issuance of its revocation decision.  Accordingly, the Board contends that Appellant's sole "remedy was to file an appeal with this Court subsequent to [Appellant's] exhaustion of his administrative remedies." (*Id.*)  And, given that the Board denied Appellant's administrative appeal, the Board asserts that Appellant's only recourse is to file a timely appeal therefrom.

The Board further submits that "an individual cannot circumvent the Commonwealth Court's exclusive jurisdiction by couching a challenge as a petition for writ of *habeas corpus*."  (*Id.* at 6 (citing *Reese*, 774 A.2d at 1260, and *Commonwealth v. McDermott*, 547 A.2d 1236, 1240 (Pa. Super. 1988)).)  The Board points to *Reese* for the proposition that this Court previously has held that *habeas corpus* is not a substitute for appellate review.  The Board asserts that Appellant's Petition was an attempt to circumvent well-settled case law and, therefore, that, "regardless of the factual claims made by [Appellant], . . . [common pleas] properly denied the [P]etition."  (Board's Br. at 6-7.)

---

[6] Section 6138(a)(1) provides:

> A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa.C.S. § 6138(a)(1).

The Board has the exclusive power "[t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole" a criminal defendant sentenced to a term of at least two years. Section 6132(a)(1)(i) of the Prisons and Parole Code, 61 Pa.C.S. § 6132(a)(1)(i); *Fross v. County of Allegheny*, 20 A.3d 1193, 1196 n.3 (Pa. 2011). Following a decision from the Board, a parolee has the right to file an administrative appeal. Section 6113(d)(1) of the Prisons and Parole Code, 61 Pa.C.S. § 6113(d)(1). After a parolee exhausts available administrative appeals, the parolee may then appeal to this Court, which has exclusive jurisdiction over appeals from the Board's decisions. Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a). A parolee must exhaust the administrative remedies available before having the right to this Court's review of an order from the Board. *Evans*, 713 A.2d at 743.

*Habeas corpus* relief "is not available to challenge an action of the Board." *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1064 (Pa. Cmwlth. 1987). The writ of *habeas corpus* is an extraordinary remedy that will not issue where other relief is available, and the writ is not to be employed as a substitute for appellate review. *Reese*, 774 A.2d at 1260. Our Superior Court has explained:

> The availability of *habeas corpus* in Pennsylvania is both prescribed and limited by statute. *See* 42 Pa.C.S. §§ 6502 (Power to issue writ); 6503 (Right to apply for writ). Subject to these provisions, the writ may issue only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual. *See Reese,* 774 A.2d at 1260. Thus, "*habeas corpus* should not be entertained . . . merely to correct prison conditions which can be remedied through an appeal to prison authorities or to an administrative agency." *Commonwealth ex rel. Bryant v. Hendrick, . . .* 280 A.2d 110, 113 ([Pa.] 1971). Moreover, "it is not the function of the courts to superintend the treatment and discipline of prisoners in penal institutions." *Id.* **Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from**

7

**conditions of confinement that constitute cruel and unusual punishment.** *See id.*; *Weaver v. Pa. Bd. of Prob*[. &] *Parole*, 688 A.2d 766, 775 n.17 (Pa. Cmwlth. 1997).

*Com. ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. Super. 2002) (emphasis added).[7]

Appellant argues that common pleas had jurisdiction over his Petition under *Reese* because he filed his Petition prior to any Board decision and that the gravamen of his Petition was to challenge the legality of his detention, maintaining that the Board's refusal of his 2008 request for a revocation hearing operated to deny the Board the later authority to detain him after the expiration of his April 21, 2015 maximum sentence date.

In *Reese*, the Superior Court consolidated two petitions for writs of *habeas corpus* from two state prisoners, Reese and Richart. Prisoner Reese's maximum sentence date expired on October 30, 1998, though he continued to be detained on a Board detainer as a result of new criminal charges filed while he was on parole. Prisoner Reese filed his petition after his maximum sentence date expired and before the Board issued a new decision recalculating his new maximum sentence date. On the other hand, prisoner Richart filed his petition after the Board had recalculated his maximum sentence date. With regard to prisoner Reese, the Superior Court determined that common pleas **properly** exercised jurisdiction over his petition because he was being held **beyond** his maximum sentence date but **before** any Board decision recalculating this date at the time he filed the Petition. However, the court held that common pleas did **not** have jurisdiction over prisoner Richart's petition because his maximum sentence date had **not yet expired** at the time he filed his

---

[7] While not binding on this Court, decisions from the Superior Court may be cited for their persuasive value. *Taylor v. Pa. State Police*, 132 A.3d 590, 603 n.15 (Pa. Cmwlth. 2016).

petition, and, therefore, the petition was an improper attempt to challenge the Board's recalculation of his maximum sentence.

This Court applied *Reese* in *Commonwealth ex rel. Holloman v. Kauffman* (Pa. Cmwlth., No. 737 C.D. 2018, filed August 9, 2019), slip op. at 6,[8] holding that the appellant's complaint did not sound in *habeas corpus* because the appellant was similarly situated to prisoner Richart rather than prisoner Reese, as he brought his *habeas corpus* petition **before** the expiration of his maximum sentence date. Similarly, in *Brown v. Department of Corrections*, 601 A.2d 1345, 1347 (Pa. Cmwlth. 1992), this Court determined that because the prisoners were "directly challeng[ing] the legality of their continued detention, grounded not merely on an administrative calculation, but on the theory that [the Department of Corrections] has been deprived of the authority to continue prisoners' incarceration," their petition properly sounded in *habeas corpus*. Thus, common pleas **has jurisdiction** over *habeas* petitions brought **after the expiration** of the prisoner's maximum sentence date challenging the legality of a prisoner's detention, while it **lacks** jurisdiction over *habeas* petitions brought **before the expiration** of the maximum sentence date that are effectively challenging a decision from the Board.

In the present case, looking to common pleas' jurisdiction over the Petition, Appellant filed his Petition while being detained on a Board warrant **after** his maximum sentence date had expired and **before** the Board had recalculated his new maximum sentence date. Thus, Appellant's position is more analogous to prisoner Reese than prisoner Richart. *Reese*, 774 A.2d at 1255. And, similar to the prisoner

---

[8] *Holloman* is unreported, and while unreported opinions do not constitute binding precedent, they may be cited for their persuasive value. *See* Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b); Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

9

in *Brown*, Appellant is not challenging an administrative decision from the Board but directly challenging the legality of his detention **after** the alleged expiration of his maximum sentence date. Accordingly, under *Reese*, common pleas erred in dismissing Appellant's Petition for lack of jurisdiction.

### III. CONCLUSION

Appellant's Petition sounded in *habeas corpus* before common pleas because he filed the Petition challenging the legality of his detention after the expiration of his previous maximum sentence date and before any administrative decision from the Board. Accordingly, we reverse common pleas' order and remand the matter for further proceedings.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph A. Ochsenhirt,            :

            Appellant    :

                       :

          v.           :    No. 553 C.D. 2020

                       :

Pennsylvania Board of Probation    :

and Parole and Lee Estock,       :

Superintendent, SCI Pine Grove   :

# O R D E R

**NOW**, August 9, 2021, the Order of the Court of Common Pleas of Indiana County, in the above-captioned matter, is **REVERSED**, and this matter is **REMANDED** for further proceedings.

Jurisdiction relinquished.

_____

**RENÉE COHN JUBELIRER,** Judge