IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Logan Jesse Oprisko,                    :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 1248 C.D. 2021
                                        :  Submitted: July 15, 2022
Pennsylvania Parole Board,              :
                                        :
                    Respondent :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 29, 2022


          Logan Jesse Oprisko (Parolee) petitions for review of the Pennsylvania
Parole Board (Board) order dismissing as untimely his Petition for Administrative
Review challenging the Board's August 28, 2020 decision, which denied his release
on parole/reparole and stated that his parole violation maximum date was September
10, 2025.  Also, before us is an Application to Withdraw as Counsel (Application)
filed by Parolee's court-appointed attorney, Kent D. Watkins, Esquire (Attorney
Watkins), on the ground that Parolee's appeal is without merit.  We grant Attorney
Watkins' Application and affirm the Board's order.

          Parolee is serving an aggregate 3- to 10-year sentence based upon his
guilty pleas to two counts of robbery.  Certified Record (CR) at 1-2.  With an

effective date of November 5, 2012, Parolee's minimum sentence was set to expire on November 5, 2015, and his maximum sentence was set to expire on November 5, 2022. *Id.* On November 8, 2015, Parolee was released on parole. *Id.* at 7.

On March 21, 2016, the Board declared Parolee delinquent as of March 4, 2016. CR at 16. On April 2, 2017, the Board issued a Warrant to Commit and Detain Parolee, and he was returned to custody that day. *Id.* at 17, 23. On June 30, 2017, the Board mailed a decision revoking Parolee's parole as a technical parole violator (TPV), and recommitting him to serve up to six months in a community correction center/community correction facility/parole violator center. *Id.* at 20-22. That decision also recalculated Parolee's maximum date to be December 4, 2023. *Id.* On July 15, 2017, Parolee was again released on parole. *Id.* at 23.

On July 19, 2017, the Board issued a decision declaring Parolee delinquent as of July 16, 2017, the day following his release on parole, because he had absconded. CR at 32-33. On August 17, 2017, the Board issued a Warrant to Commit and Detain Parolee, and he was returned to custody that day. *Id.* at 34, 39. On August 17, 2017, Parolee was arrested by the Scranton Police Department and charged with aggravated assault, simple assault, recklessly endangering another person, and making repairs to an offensive weapon. *Id.* at 39. Parolee did not post the bail imposed on the new charges. *Id.* at 81. On August 28, 2017, Parolee waived his right to counsel and a hearing on the purported violations of the technical conditions of his parole. *Id.* at 37. By decision mailed October 23, 2017, the Board recommitted Parolee as a TPV, to be reparoled after six months, and recalculated his parole violation maximum date to be January 5, 2024. *Id.* at 63, 65-67.

Meanwhile, on September 20, 2017, Parolee pleaded guilty to the new felony aggravated assault charge. CR at 82. On November 28, 2017, Parolee was

2

sentenced to a 20- to 60-month period of imprisonment and a three-year probationary term on his new conviction. *Id.* at 103. He received a credit of 104 days on his new sentence. *Id.* at 104.

Based on the new conviction, on October 2, 2017, the Board filed a Notice of Charges and Hearing for another revocation hearing as a convicted parole violator (CPV). CR at 68. On October 5, 2017, Parolee waived the revocation hearing and his right to counsel, and admitted to the parole violation. *Id.* at 69-70. As a result, on January 16, 2018, the Board mailed a decision recommitting Parolee as a CPV to serve 36 months backtime, and modified its October 23, 2017 decision by deleting the reparole provision. *Id.* at 109. The Board's decision also denied credit for the time that Parolee was at liberty on parole due to the new felony conviction,[1] stated that he is not eligible for reparole until November 28, 2020, and

---

[1] Section 6138(a)(1), (2), and (2.1) of the Prisons and Parole Code states, in pertinent part:

> (1) The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, . . . to which the offender pleads guilty . . . at any time thereafter in a court of record.
>
> * * *
>
> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole . . . .

61 Pa. C.S. §6138(a)(1), (2), (2.1).

recalculated his maximum parole violation date to be September 10, 2025. *Id.* at 109-10.[2]

---

[2] The Board's decision also stated the following, in relevant part:

> THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. SEE 37 PA. CODE SEC. 73. FAILURE TO ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT. YOU MAY BE ENTITLED TO COUNSEL FROM THE PUBLIC DEFENDER'S OFFICE AT NO COST.

CR at 110. *See also* Section 6113(d)(1) of the Prisons and Parole Code, 61 Pa. C.S. § 6113(d)(1) ("An interested party may appeal a revocation decision within 30 days of the board's order. The decision shall be reviewed by three board members appointed by the chairperson or the chairperson's designee."). As this Court has explained:

> "[T]he appeal process available to an inmate who seeks the recalculation of his maximum [] date is found [in Section 73.1(b)(1) of the Board's Regulations,] 37 Pa. Code §73.1(b)(1)." *Evans v. [Department of Corrections]*, 713 A.2d 741, 743 (Pa. Cmwlth. 1998). Prisoners may petition for administrative relief within 30 days of the mailing date of the Board's decision. *See* 37 Pa. Code §73.1(b)(1). "[P]etitions for administrative review which are out of time . . . will not be received." 37 Pa. Code §73.1(b)(3). Thus, when a prisoner filing a request for administrative relief does not meet the 30-day deadline, the request will be dismissed as untimely.

*Smeltzer v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1049 C.D. 2019, filed August 19, 2020), slip op. at 3-4; *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth **(Footnote continued on next page…)**

On August 28, 2020, the Board issued a decision denying parole based on the following reasons: (1) Parolee's institutional behavior; (2) his risk and needs assessment indicating his level of risk to the community; (3) the negative recommendation by the Department of Corrections; (4) his prior unsatisfactory parole supervision history; (5) reports, evaluations, and assessments/level of risk indicates his level of risk to society; and (6) his minimization/denial of the nature and circumstances of the offense(s) committed. CR at 111. The Board's parole denial decision also stated that Parolee's parole violation maximum date remained September 10, 2025, as recalculated in the Board's prior January 16, 2018 recommitment decision. *Id.* at 111-12.

On September 8, 2020, Parolee submitted a Petition for Administrative Review to the Board appealing its parole denial decision stating, in relevant part:

> I was sentenced to 3 [to] 10 [years], which I served at [the State Correctional Institution (SCI) at] Mahanoy [for] a total of 3 y[ears and] 3 days[. I was] released on parole on 11/18/15 with 7 years back time. With only 2 months [street] time[,] my max[imum] date was pushed back to 12/4/23 due to delinquency[.] I served 3 months in SCI Waymart before being reparoled and returning as a CPV with 1 month of delinquency pushing my max[imum] date back 1 month to 1/5/24[.] If you take my 2 months [street] time[,] my max[imim] date should be 3/5/24. There's a miscalculation because it says I have 7 y[ears,] 9 m[onths, and] 13 d[ays] to [the] max[imum date]. This is wrong[.] I served 3 y[ears,] 3 m[onths, and] 3 d[ays] on a 3[- to] 10[-]y[ear] sentence.

CR at 113.

---

Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value."). There is no indication in the Certified Record that Parolee appealed the Board's January 16, 2018 recommitment decision that recalculated his maximum date to be September 10, 2025.

On October 20, 2021, the Board mailed its decision denying Parolee's Petition for Administrative Review, which states, in pertinent part:

> First, while the Board's regulation authorizing administrative relief does not apply to decisions denying parole, your correspondence made no mention of the [August 28, 2020] decision to deny you parole, you only attempted to renew your appeal rights from the [January 16, 2018] decision that recommitted you as a [CPV]. The decision to deny you parole is not subject to review or reconsideration.

> Next, the Board's regulation provides that petitions for administrative review must be received at the Board's central office within 30 days of the mailing date of the Board's decision that revoked parole and/or recalculated your maximum date. 37 Pa. Code §73.1. Your request was neither received, nor was it submitted to prison officials for mailing within the established timeframe. As such, your request for relief from the decision [mailed on January 16, 2018,] is not properly before the Board and cannot be accepted.

> Accordingly, your request for relief from the decision [mailed on January 16, 2018,] is hereby DISMISSED as untimely.

CR at 116-17.

Parolee filed the instant counseled petition for review from this decision in which he again claims that the Board erred in its recalculation of his maximum date. Shortly thereafter, Attorney Watkins filed the Application along with a no-merit letter based on his belief that Parolee's appeal is without merit. This matter is now before us for disposition.

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the

6

petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).[3] The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Watkins' no-merit letter satisfies the technical requirements of *Turner*. Attorney Watkins states that he conducted an exhaustive

---

[3] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes*, 977 A.2d at 25-26. Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

examination of the Certified Record and research of the applicable case law. He set forth a procedural history of the case and the basis for the appeal. Attorney Watkins provided a thorough analysis as to why Parolee's appeal of the Board's August 28, 2020 decision denying parole lacks merit, complete with citations to the Certified Record and the relevant case law.

Based on his review, Attorney Watkins concludes that Parolee's appeal to this Court is without merit, and he requests permission to withdraw as counsel. Attorney Watkins provided Parolee with a copy of the no-merit letter and his request to withdraw. He advised Parolee of his right to retain new counsel or proceed by representing himself.[4] As we are satisfied that Attorney Watkins has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.[5]

As outlined above, in his instant Petition for Administrative Review, Parolee sought to file an untimely appeal of the Board's recalculation of his parole violation maximum date in the January 16, 2018 decision that recommitted him as a CPV via a timely appeal of the Board's August 28, 2020 decision denying him parole. As indicated by the Board, Parolee's failure to timely appeal the January 16, 2018 Board decision recalculating his parole violation maximum date resulted in a waiver of his claim of error that cannot be revived in a subsequent administrative appeal to the Board. Indeed, as this Court explained in a similar circumstance:

---

[4] Parolee did not retain new counsel or file a brief in support of his petition for review.

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

First, [the parolee] argues that the Board erred when it recalculated her maximum sentence date on her OG5836 sentence because it made several "arithmetic errors." [Parolee's] Brief at 18. [The parolee] argues that the Board's November 18, 2004 decision recalculating her maximum sentence date on her OG5836 sentence was "unsubstantiated" and the errors in this decision have carried forward into subsequent decisions relating to her OG5836 sentence. *Id.* at 18-20. However, the issue before this Court is whether the Board erred in its May 7, 2019 decision to recalculate the maximum sentence date on [the parolee's] OL1972 sentence. [The parolee] did not timely petition the Board for review of its decisions recalculating her maximum sentence date on her OG5836 sentence, that is, the November 18, 2004 decision or the February 14, 2013 decision. Therefore, [the parolee] waived her right to challenge those decisions and cannot do so now. *See Wright v. P[ennsylvania] B[oard] of Prob[ation and] Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) (holding that parolee waived challenge to Board's recalculation of her maximum sentence date where she failed to file a petition for review from the Board's order).

*Taylor v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 693 C.D. 2019, filed July 17, 2020), slip op. at 7-8; *see also Wright v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 165 C.D. 2019, filed August 8, 2019), slip op. at 8 ("[The parolee] failed to file a timely request for administrative review of the Board's May 25, 2018 order. Therefore, he waived any objection to either the Board's recalculation of his maximum sentence date or its failure to recalculate his minimum parole eligibility date.") (citation omitted); *Arthur v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1835 C.D. 2014, filed December 23, 2015), slip op. at 3 ("Because [the parolee] did not timely appeal from the Board's 2006 recalculation of his maximum sentence release date to May 25, 2015, and since he did not raise his double jeopardy claim to the Board, he has waived those claims in this appeal and this Court may not now consider them.") (footnote omitted).

Accordingly, we grant Attorney Watkins' Application and affirm the Board's order.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Logan Jesse Oprisko,                          :
                                              :
                    Petitioner                :
                                              :
        v.                                    :  No. 1248 C.D. 2021
                                              :
Pennsylvania Parole Board,                    :
                                              :
                    Respondent                :

# **O R D E R**

AND NOW, this 29th day of August, 2022, the Application to Withdraw as Counsel filed by Logan Jesse Oprisko's court-appointed attorney, Kent D. Watkins, Esquire, is GRANTED, and the order of the Pennsylvania Parole Board mailed October 20, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge